UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EDWARD ORCUTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:15-cv-788 |
| | ) |
| BRYANT, HODGE & ASSOCIATES LLC, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, EDWARD ORCUTT ("Plaintiff"), through his attorney, Agruss Law Firm, LLC, alleges the following against Defendant, BRYANT, HODGE & ASSOCIATES LLC., ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act 15 U.S.C. 1692, et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Texas Debt Collection Act Tex. Fin. Code Ann. §392, et al. ("TDCA").

3. Count III of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. 227, et seq. ("TCPA").

4. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

1

5. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also Martin v. Leading Edge Recovery Solutions, LLC, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

6. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, Mims, 132 S. Ct. at 744.

7. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

8. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367, and 15 U.S.C. §1692k.

9. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained within.

10. This Court has jurisdiction over Plaintiff's TCPA claim pursuant to *Mims v. Arrow Financial Svcs. LLC*, 132 S. Ct. 740, 2012 WL 125249 (Jan. 18, 2012).

11. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

12. Plaintiff is a natural person residing in Grand Prarie, Dallas County, Texas.

13. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

14. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(10).

15. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

16. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

17. Defendant is, and at all times mentioned herein, a corporation and is a "person" as defined by 47 U.S.C. § 153(10).

18. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

19. Defendant is a financial planning company headquartered in Bangor, Penobscot County, Maine.

20. Defendant is a business entity engaged in the collection of debt within the State of Texas.

21. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

22. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

23. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

24. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

25. Defendant is attempting to collect a consumer debt from Plaintiff originally arising from a Chase Credit Card account that is at least ten (10) years old.

26. The alleged debt owed arises from transactions for personal, family, and household purposes.

27. In or around July 2014, Defendant began calling Plaintiff on Plaintiff's cellular telephone at 682-564-85XX in an attempt to collect a debt.

28. Defendant called Plaintiff from 888-675-4485 and 512-605-1492, which are two of Defendant's numbers.

29. Defendant calls Plaintiff every two (2) or three (3) days in an attempt to collect the alleged debt.

30. On or around July 25, 2015, Plaintiff answered Defendant's call and spoke to one of Defendant's male collectors.

31. During the aforementioned conversation, Defendant demanded payment on the alleged debt.

32. During the aforementioned conversation, Plaintiff told Defendant that he had spoken to Chase and that his debt had been forgiven.

33. During the aforementioned conversation, Plaintiff requested Defendant stop calling him.

34. On or around July 28, 2014, Plaintiff answered one of Defendant's calls and spoke with a male collector.

35. During the aforementioned conversation, Plaintiff again disputed the debt and requested Defendant stop calling him.

36. During the aforementioned conversation, Defendant's collector stated that Defendant had the right to call Plaintiff every two (2) to three (3) days to collect on the alleged debt.

37. During the aforementioned conversation, Defendant told Plaintiff to expect to get paperwork in the mail.

38. Plaintiff took this to mean Defendant would pursue legal action against Plaintiff if he did not pay the alleged debt.

39. Despite Plaintiff's requests, Defendant continued to place collection calls to Plaintiff.

40. The statute of limitations on written contract in Texas is four (4) years.

41. If the debt is owed at all, it was incurred more than four years ago.

42. Defendant is attempting to collect a debt on which the statute of limitations has expired.

43. Neither Defendant nor Defendant's collectors have told Plaintiff that his debt is time-barred.

44. It is the policy and practice of Defendant to attempt to collect time-barred debts without disclosing the fact that they are time-barred.

45. It is the policy and practice of the Defendant to attempt to collect time-barred debts without disclosing the dates of the transactions giving rise to the debts.

46. The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm). The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC, Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

47. Defendant also left pre-recorded messages on Plaintiff's cell phone.

48. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place its repeated collection calls to Plaintiff seeking to collect the debt allegedly owed.

49. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

50. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §

6

227(b)(1).

51. Plaintiff is not a customer of Defendant's services, has never provided any personal information, including Plaintiff's cellular telephone number, to Defendant for any purpose whatsoever.

52. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. 227(b)(1)(A).

53. If Defendant at one time had consent to place calls to Plaintiff's cellular telephone number, it no longer has consent to call Plaintiff after being instructed by Plaintiff to cease all calls to him.

54. Despite this, Defendant continued to place repeated collection calls to Plaintiff, on his cellular telephone, using an "automated telephone dialing system."

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

55. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant continued to place collection calls to Plaintiff after Plaintiff requested Defendant stop calling him;

    b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant called Plaintiff every two (2) to three (3) days;

7

    c. Defendant violated §1692e(2)(A) of the FDCPA by falsely representing the character, amount, and/or legal status of the debt, when Defendant's collector told Plaintiff to expect to get paperwork in the mail, which Plaintiff understood to mean Defendant would take legal action against him, and when the Defendant attempted to collect a time-barred debt without disclosing to Plaintiff that the debt was past the statute of limitations;

    d. Defendant violated §1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken, when Defendant's collector told Plaintiff to expect to get paperwork in the mail regarding a time-barred debt that is past the statute of limitations, which Plaintiff understood to mean Defendant would take legal action against him;

    e. Defendant violated §1692e(10) of the FDCPA by using false representations or deceptive means in connection with the collection the alleged debt, when Defendant attempted to collect a time-barred debt without disclosing to Plaintiff that the debt was past the statute of limitations; and

    f. Defendant violated §1692(f) of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt, when Defendant attempted to collect a time-barred debt without disclosing to Plaintiff that the debt was past the statute of limitations.

WHEREFORE, Plaintiff, EDWARD ORCUTT, respectfully requests judgment be entered against Defendant, BRYANT, HODGE & ASSOCIATES LLC.., for the following:

56. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

57. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

58. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE TEXAS DEBT COLLECTION ACT

59. Plaintiff repeats and realleges paragraphs 1-54 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

60. Defendant violated the TDCA based on the following:

    a. Defendant violated Tex. Fin. Code §392.302(4) by threatening to take an action prohibited by law, when Defendant's collector told Plaintiff to expect to get paperwork in the mail, which Plaintiff understood to mean Defendant would take legal action against him; and

    b. Defendant violated Tex. Fin. Code §392.302(4) by oppressing, harassing, or abusing Plaintiff by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number, when Defendant called Plaintiff every two (2) to three (3) days;

WHEREFORE, Plaintiff, EDWARD ORCUTT, respectfully requests judgment be entered against Defendant, BRYANT, HODGE & ASSOCIATES LLC., for the following:

61. For statutory damages provided and pursuant to Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

62. For attorneys' fees, costs and disbursements;

63. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

64. For any such other and further relief, as well as further costs, expenses and disbursements

of this action, as this Court may deem just and proper.

## COUNT III
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

65. Plaintiff repeats and re-alleges paragraphs 1-54 of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

66. Defendant's conduct violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

67. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

68. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

69. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, EDWARD ORCUTT, respectfully requests judgment be entered against Defendant, BRYANT, HODGE & ASSOCIATES LLC, for the following:

70. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

71. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C.

227(b)(3)(C).

72. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

Any other relief that this Honorable Court deems appropriate.

DATED:  March 10, 2015     RESPECTFULLY SUBMITTED,

By: /s/ Michael S. Agruss
Michael S. Agruss
IL Bar No. 6281600
Agruss Law Firm, LLC
4619 N. Ravenswood Ave., Ste. 303A
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff